UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ERIC BENNETT,<br>    Plaintiff | :<br>:<br>:    C.A. No.: |
| v. | :<br>: |
| CENTREVILLE BANK,<br>    Defendant | :<br>:<br>: |

## COMPLAINT

### I. Introduction

This action is brought by the Plaintiff seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, including back pay, as well as compensatory punitive, and liquidated damages to remedy unlawful discrimination in employment the Plaintiff suffered in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, *et seq.*, the Rhode Island Parental and Family Medical Leave Act ("RIPFMLA"), R.I.G.L. §28-48-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990, ("RICRA"), R.I.G.L. §42-112-1, *et seq.*

### II. Parties

1. The Plaintiff, Eric Bennett, is a resident of the Town of Griswold, County of New London, State of Connecticut.

2. Defendant Centreville Bank ("Centreville") is a Rhode Island corporation duly organized pursuant to the laws of the State of Rhode Island with its principal place of business located at 1218 Main Street, West Warwick, Rhode Island 02893.

### III. Jurisdiction

3. This Court has jurisdiction over the Plaintiff's claims under the FMLA pursuant to 29 U.S.C. §2617, and supplemental jurisdiction over the Plaintiff's claims under the RIPFMLA and the RICRA pursuant to 28 U.S.C. §1367.

## IV. Venue

4. Venue is proper in this Court insofar as a substantial portion of the events or omissions giving rise to the within claim occurred in the State of Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

## V. Material Facts

5. On December 9, 2019, the Plaintiff was hired by Defendant Centreville as Business Development Manager.

6. During his employment at Defendant Centreville, the Plaintiff's work performance was satisfactory and met Defendant Centreville's legitimate expectations as evidenced by his March, 2020 promotion to Business Development Representative.

7. In May, 2020, Defendant Centreville required the Plaintiff to cover its Cranston location on a temporary basis.

8. In July, 2020, Defendant Centreville changed the Plaintiff's title from Business Development Representative to Branch Manager without the Plaintiff's knowledge and/or permission.

9. On January 28, 2021, the Plaintiff commenced a medical leave of absence pursuant to the FMLA and/or the RIPFMLA.

10. On April 26, 2021, the Plaintiff returned to Defendant Centreville.

11. Upon his return to Defendant Centreville, the Plaintiff was ostracized and no Defendant Centreville employee acknowledged him.

12. On April 26, 2021, Brian Carillon ("Carillon"), the Plaintiff's manager, requested a meeting with the Plaintiff via Microsoft Teams.

13. On April 28, 2021, the Plaintiff met with Mr. Carillon. During this meeting, Mr. Carillon asked the Plaintiff "where [his] head was." In response, the Plaintiff told Mr. Carillon that he was happy to be back at Defendant Centreville and was ready to lead his team.

14. Mr. Carillon then replied, "I thought you were going to say something different" and "I was really hoping you were going to find something else while you were out." Mr. Carillon also told the Plaintiff, "What you are looking for here is never going to happen," in regard to the Plaintiff being employed at Defendant Centreville.

15. Mr. Carillon then told the Plaintiff that he had thirty (30) days to find a new job because the branch manager position, at Defendant Centreville, wasn't what the Plaintiff wanted. However, Mr. Carillon told the Plaintiff that Citizens Bank was hiring for a branch manager and that a newly hired employee at Defendant Centreville transferred from Citizens Bank and could give the Plaintiff information on getting a job there.

16. Mr. Carillon then gave the Plaintiff a piece of paper to sign. This document included several inaccuracies and falsehoods related to the Plaintiff's employment at Defendant Centreville.

17. On April 28, 2021, following the aforementioned meeting, the Plaintiff contacted Defendant Centreville's human resource department and spoke to Danielle Gauthier ("Gauthier"), a human resource representative at Defendant Centreville.

18. During this conversation, the Plaintiff explained the events of his meeting with Mr. Carillon and told Ms. Gauthier that he had never felt so uncomfortable at work.

19. In response, Ms. Gauthier informed the Plaintiff that she had no knowledge of the thirty (30) day job search requirement and that the Plaintiff had every right to feel uncomfortable in the situation he was put in. Ms. Gauthier also told the Plaintiff that she had a meeting with the

director of Defendant Centreville's human resource department the following day and would discuss the Plaintiff's concerns.

20. However, Ms. Gauthier failed and/or refused to investigate the Plaintiff's claims.

21. On April 29, 2021, the Plaintiff sent Ms. Gauthier an e-mail inquiring about his aforementioned reports and whether she had followed up with the director of human resources.

22. In response, Ms. Gauthier told the Plaintiff that she would "have an update for [him] soon."

23. However, Ms. Gauthier failed and/or refused to follow-up with the Plaintiff.

24. On April 30, 2021, the Plaintiff contacted Defendant Centreville's human resources department.

25. Shortly thereafter, Maureen Johnson ("Johnson"), human resource manager at Defendant Centreville, called the Plaintiff and explained that he had to sign several documents and that Defendant Centreville would offer him a thirty (30) day severance package.

26. Shortly thereafter, Mr. Carillon sent the Plaintiff a text message inquiring about the document he gave him to sign during their April 28th meeting. In response, the Plaintiff explained that because the document contained several inaccuracies and falsehoods, he would not sign it.

27. On May 5, 2021, the Plaintiff was terminated from his employment at Defendant Centreville.

28. The facts of this matter clearly establish that Defendant Centreville discriminated against the Plaintiff on account of his need for a medical leave in violation of the FMLA and the RIPFMLA.

29. The facts of this matter clearly establish that Defendant Centreville discriminated against the Plaintiff on account of his disability and/or perceived disability in violation of the RICRA.

30. As a proximate result of Defendant Centreville's unlawful acts and/or omissions, including, but not limited to those described herein, the Plaintiff has suffered and continues to suffer a loss of income, as well as employment benefits, mental anguish, and loss of enjoyment of life.

## VI. Claims for Relief

31. The Plaintiff incorporate in the counts below the allegations contained in paragraphs 1-30 above.

### Count One
### Violation of FMLA—29 U.S.C. §2601, *et seq.*

32. Defendant Centreville, by its acts and/or omissions, including, but not limited to, those described herein, discriminated against the Plaintiff and violated the Plaintiff's statutory rights in violation of the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the FMLA.

### Count Two
### Violation of RIPFMLA—R.I.G.L. §28-48-1, *et seq.*

33. Defendant Centreville, by its acts and/or omissions, including, but not limited to, those described herein, discriminated against the Plaintiff and violated the Plaintiff's statutory rights in violation of the Rhode Island Parental and Family Medical Leave Act, R.I.G.L. §28-48-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the RIPFMLA.

## Count Three
## Unlawful Discrimination—R.I.G.L. §42-112-1, *et seq.*

34. Defendant Centreville, by its acts and/or omissions, including, but not limited to, those described herein, discriminated against the Plaintiff in employment on account of his disability or perceived disability in violation of the RICRA, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the RICRA.

## VII. Prayers for Relief

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1. a declaratory judgment that Defendant Centreville, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of the FMLA, the RIPFMLA, and/or the RICRA;

2. enjoining and permanently restraining Defendant Centreville from violating the FMLA, the RIPFMLA, and/or the RICRA;

3. award the Plaintiff back pay, including incremental increases, and other benefits, plus prejudgment interest thereon;

4. award the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon;

5. award the Plaintiff punitive damages for Defendant Centreville's intentional, malicious, reckless and/or willful violation of the RICRA;

6. award the Plaintiff liquidated damages pursuant to the FMLA and the RIPFMLA; and,

7. award the Plaintiff reasonable attorney's fees and costs of litigation pursuant to the RICRA, the FMLA and the RIPFMLA;

8.    such other and further relief as the Court deems just and proper.

### VIII. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

### IX. Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire, Michael D. Pushee, Esquire, and Jessica A. Roberge, Esquire as trial counsel.

PLAINTIFF,<br>
By his attorneys,<br>
<strong>FORMISANO &amp; COMPANY, P.C.</strong>

Dated: July 7, 2021

/s/ V. Edward Formisano  
V. Edward Formisano (#5512)

/s/ Michael D. Pushee  
Michael D. Pushee (#6948)

/s/ Jessica A. Roberge  
Jessica A. Roberge (#10179)  
(401) 944-9691  
(401) 944-9695 (facsimile)  
edf@formisanoandcompany.com  
mpushee@formisanoandcompany.com  
jroberge@formisanoandcompany.com

### CERTIFICATION

I hereby certify that on the 7th day of July, 2021, I caused the within to be electronically filed with the Clerk of the U.S. District Court for the District of Rhode Island using the CM/ECF System.

/s/ V. Edward Formisano